Mr. Anthony Chambers McClellan Community High School 9417 Geyer Springs Road Little Rock, AR 72209
Dear Mr. Chambers:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq, as amended by Act 1653 of 2001. You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General. Your request follows up on one you previously submitted, which I addressed in Ark. Op. Att'y Gen. No.2001-139. Your latest request differs from your first primarily in that you have supplied me with specific records which you feel should not be produced for inspection in response to an FOIA request by the Arkansas Democrat-Gazette, which is apparently engaged in researching possible improprieties in the conduct of athletic programs within the Little Rock School District. Attached to your request for my opinion are various records relating to your employment as a football coach at Cloverdale Junior High School. Although you do not address the issue, I assume that the custodian has expressed an intention to disclose the documents, which all relate to one alleged recruiting violation that led to your suspension. You have asked me to review this material to determine its disclosability.
The FOIA generally provides for the disclosure upon request of "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1), as amended by Act 1653 of 2001. Given that you are a coach at a public high school, and as such a public employee, I believe your files clearly qualify as "public records" under this definition.
The documents you have supplied me comprise various memoranda, letters and notes produced by school district officials regarding a violation you allegedly committed in recruiting a particular student to play football during the 1996-97 school year. In my opinion, these documents qualify as "employee evaluation or job performance records" subject to the following provision of the FOIA:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1). Professor Watkins, a leading scholarly commentator on the FOIA, offers the following summation of the law regarding the scope of documents falling under this designation:
 The term "job performance record" has been interpreted by the Attorney General to mean any record that "details the performance or lack of performance" of an employee, within the scope of his employment, regarding "a specific incident or incidents." This definition covers a variety of records, including written reprimands and letters of caution, documents on which a recommendation for dismissal was based, a request for a grievance hearing that contained the employee's rebuttal of the reasons advanced for his termination, letters recommending termination or suspension, records created in connection with investigations into alleged employee misconduct, letters of commendation, records related to promotion or demotion, and records of disciplinary action.
Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd ed. 1998) at 134 (footnotes omitted). In my opinion, all of the documents produced fall within this definition, clearly qualifying as records created in connection with an investigation into employee misconduct.
In accordance with A.C.A. § 25-19-105(c)(1), employee evaluation and job performance records are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). The record contains no evidence of your having pursued an administrative appeal. It further appears clear that the records you have supplied formed a basis for your suspension. The only remaining question. Then, is whether a compelling public interest exists in the disclosure of your records.
The FOIA at no point defines the phrase "compelling public interest." However, Professor Watkins has provided some guidelines for making the factual determination whether such an interest exists. He states, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, supra at 146. He further observes: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. Elaborating on this point, Watkins remarks: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins additionally notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In applying this standard, I am guided in part by several factors. First, as is evident in reviewing the reporter's FOIA requests, the Democrat-Gazette is clearly engaged in researching what it suspects is a widespread pattern of misconduct in the Little Rock School District's athletic programs. In my opinion, the public has a strong interest in determining whether such misconduct has occurred. Moreover, I believe the public has an equally strong interest in reviewing the conduct of an individual charged with the guidance and training of high-school students. Assuming, then, that you have exhausted any available administrative appeals of a suspension or termination proceeding, and further assuming the described documents formed a basis for the decision to suspend or terminate you, I believe the custodian should disclose the requested information.
However, I believe certain information should be redacted from the documents before they are disclosed. At various points in the documents, district personnel refer by name to the student. The documents also refer by name to the student's mother. I believe the custodian should redact all of these names before releasing the documents unless the students (or their parents, if the students are under the age of eighteen) consent to disclosure. This question implicates the Federal Educational Rights 
Privacy Act (20 U.S.C. § 1232g) (FERPA), which generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen.20 U.S.C. § 1232g(b)(1). FERPA broadly defines the term "education records" as "records, files, documents and other materials which . . . contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A). Although FERPA does contain some exceptions to its confidentiality requirements, the complaint documents that you have described do not fall within any of the exceptions.
In order to tailor the FOIA to FERPA, Act 1653 of 2001 amended A.C.A. §25-19-105 to read as follows:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
Accordingly, I conclude that the student's and his mother's names should be redacted before these documents are released, unless the custodian has obtained the appropriate consents. See Ark. Ops. Att'y Gen. Nos. 2001-141
and 2001-123.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh